UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BENNY L. MONDY § | |
| § | |
| Plaintiff § | Civil Action No.:  4:21-cv-431 |
| § | |
| v. § | JURY TRIAL DEMANDED |
| § | |
| NORTH TEXAS MUNICIPAL WATER § | |
| DISTRICT § | |
| § | |
| Defendant. § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Benny L. Mondy ("Plaintiff" or "Mondy") brings this action against Defendant North Texas Municipal Water District for violating the laws of the United States of America, and alleges the following:

### I.     INTRODUCTION

1. This action seeks equitable relief, compensatory and punitive damages, emotional damages, front and back pay, attorney's fees and costs, expert witness fees, costs of court, pre-judgment and post-judgment interest for violations of The Age Discrimination in Employment Act, 29 U.S.C. §621, et seq. ("ADEA"), 29 U.S.C. §§ 2601, *et seq.*, Title VII of the 1964 Civil Rights Act in 42 U.S.C. §§2000e et. seq. as amended by the Civil Rights Act of 1991 (hereinafter referred to as "Title VII"), and 42 U.S.C. 1981 (hereinafter referred to as "§ 1981") for discrimination based on race suffered by Plaintiff,.

2. Plaintiff demands a jury on all issues triable to a jury.

## II.     PARTIES, JURISDICTION, AND VENUE

3. Benny L. Mondy ("Mondy") is an adult citizen of the United States, residing in the State of Texas.

4. Defendant, North Texas Municipal Water District (hereinafter "NTMWD") purports to be a governmental agency, organized and existing by virtue of Article XVI, Section 59 of the Texas Constitution, and Article 8280-141 of the Revised Civil Statutes of the State of Texas. Defendant NTMWD may be served with process through its Executive Director/General Manager Tom Kula, Administration Building, 501 East Brown Street, Wylie, Texas 75098.

5. The Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331, as this action is being brought under Title VII and ADEA.

6. Venue is proper in the Eastern District of Texas, under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2002e-5(f)(3), since the substantial part of the events or omissions giving rise to this cause of actions occurred in the Eastern District of Texas.

7. At all times relevant to this matter, Defendants employed more than fifty (50) employees within a 75-mile radius.

8. The amount in controversy exceeds $75,000.00.

## III.     CONDITIONS PRECEDENT

9. All conditions precedent to filing this cause of action have been met.

10. The Equal Employment Opportunity Commission ("EEOC") notice of right to sue was signed on March 18, 2021 (Plaintiff did not receive it by mail until numerous days later). This action is filed within ninety (90) days of the signature date for the Notice of Right to Sue Letter from the EEOC.

## IV.   FACTS

11. At all times relevant to this case, Plaintiff was an employee of Defendant.

12. At all times relevant to this case, Defendant was an employer of Plaintiff pursuant to the Title VII, § 1981, and ADEA.

13. On or about March 19, 2001, Plaintiff began his employment with Defendant as Pipeline Operator and ended his career as a Scale Operator.

14. Plaintiff often weighed Garbage trucks as part of his duties.

15. Plaintiff consistently shouldered the bulk of work as a scale operator and did so without complaint.

16. Plaintiff consistently had less scale measurement mistakes than his peers.

17. Plaintiff was the only African-American scale operator working for Defendant and was 62 years of age at the time of his termination from Defendants.

18. In October 2016, Plaintiff was wrongly given a verbal warning of a scale recording error because Defendant's printer malfunctioned.

19. On or around March or April 2019, I was the only African American scale operator moved to another weighing station without prior notice from the Plano location to the Wylie location.

20. On or around March 26, 2019, Plaintiff was involuntarily transferred to another station by his manager, Mike Friesen.

21. Mr. Friesen targeted Mr. Mondy for termination despite excellent performance.

22. Thereafter, he was replaced by a younger non-African American employee.

23. Plaintiff was sixty-two (62) years of age at the time of his termination.

24. Plaintiff's performance while working for Defendants was excellent.

25. Plaintiff was never written-up or otherwise disciplined as Defendants' employee.

## V.   CAUSES OF ACTION

### COUNT ONE:  VIOLATION OF ADEA

26. Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs as if fully stated herein.

27. Defendants discriminated against Plaintiff because of his age (62 years of age) by constructively discharging him because of his age.

28. To Plaintiff's knowledge and belief, Plaintiff was replaced by a younger non African-American employee.

29. Plaintiff incurred damages as a result of Defendant's actions.

### COUNT TWO:  VIOLATION OF TITLE VII

30. Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs as if full stated herein.

31. At all times relevant to this case, Defendant was an "employer" under Title VII.

32. At all times relevant to this case, Plaintiff was an "employee" under Title VII.

33. During his employment under his Manager, Mark Friesen, Plaintiff was subject to discrimination by being transferred from the Plano station to the Wylie station without notice and then subsequently forced to retire against his will.

34. Upon all information and knowledge, Plaintiff was replaced with an employer under age 40 who was not African-American.

35. As a result of these willful violations of Title VII, Plaintiff requests that he be awarded all compensatory and punitive damages, to which he is entitled, as outlined in Title VII, as well as all equitable relief, and attorney's fees and costs.

## COUNT THREE:  VIOLATIONS UNDER 42 U.S.C. § 1981

36. Plaintiff re-asserts and re-alleges everything contained in the preceding paragraphs as if full stated herein.

37. Plaintiff's race is African-American, which is a protected group that the Title VII, 42 U.S.C. § 1981 and 42 U.S.C. § 1981a are all intended to protect.

38. As such, Plaintiff is a member of an ethnic group which is, and is commonly perceived as being, ethnically and physiognomically distinct from the majority Caucasian group..

39. Defendant discriminated against Plaintiff because of his race.

40. Defendant subjected Plaintiff to different terms, conditions and privileges of employment because of his race in violation of the Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1981a, for which Plaintiff requests compensatory and punitive damages.

41. Defendant discriminated against Plaintiff by discriminating against Plaintiff with respect to the terms, conditions and privileges of his employment because of his race through denial of his employment rights and benefits, and by failing to promote him, all in violations of 42 U.S.C. § 1981, and 41 U.S.C. § 1981a.

42. Further, Defendant acted with malice or, in the alternative, with reckless indifference to the federally protected rights of Plaintiff.

43. As a result of Defendant's discriminatory actions, Plaintiff has suffered loss of wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in all probability will continue to suffer in the future.

## VI.   RESPONDEAT SUPERIOR AND RATIFICATION

Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## VII.   DAMAGES

44. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully re-written herein, and incorporated by reference.

45. Defendant's violations of Title VII and ADEA give rise to the following damages: back pay, reinstatement, or if reinstatement is deemed not feasible, compensation for lost future pay or front pay; benefits in the past and the future, liquidated damages; costs; expert witness fees; attorneys' fees; mental anguish; emotional distress in the past and future; compensatory damages; and pre- and post-judgment interest as allowed by law.

46. Additionally, since Defendant's actions were committed maliciously, willfully, and/or with reckless indifference to Plaintiff's federally protected rights, Plaintiff is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Defendant and others similarly situated from this conduct in the future.

## VIII.   PRAYER FOR RELIEF

47. WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him:

    a. Declaration that Defendant violated Plaintiff's rights under Title VII and ADEA;

b. Actual and compensatory damages for the period of time provided by law, including appropriate back pay, front pay and reimbursement (past and future) for lost pension, insurance and all other benefits;

c. Reinstatement, or front pay, including benefits, in lieu of reinstatement;

d. Compensatory damages as allowed by law

e. Punitive damages as allowed by law;

f. Liquidated damages;

g. Reasonable attorneys' fees, costs and expenses of this action

h. Expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

i. Emotional distress and mental anguish;

j. Pre-judgment and post-judgment interest as allowed by law;

k. Costs of court and other costs of prosecuting Plaintiff's claim; and

l. Such other and further relief as may be allowed by law.

DATED:  June 7, 2021                           RESPECTFULLY SUBMITTED,

**THE BHATTI LAW FIRM, PLLC**

/s/Vincent Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. John
State Bar No. 24062803
5700 Tennyson Parkway, Suite 300
Plano, TX 75024
(214) 253-2533 (Telephone)
(214) 279-0033 (Facsimile)
vincent.bhatti@bhattilawfirm.com
Ditty.john@bhattilawfirm.com
*Attorneys for Plaintiff*